# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIAN DEMARCO MITCHELL,<br><br>       Plaintiff,<br><br>v.<br><br>JEFF MILLER, STEPHEN MATTHEW MCQUAID, JIM WALL, and JONATHAN CVENGROS,<br><br>       Defendants. | Case No. 17-CV-1707-JPS<br><br>**ORDER** |

  Plaintiff Brian DeMarco Mitchell, who is incarcerated at Stanley Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). On May 1, 2018, the Court screened Plaintiff's complaint and allowed him to proceed on a Fourth Amendment unreasonable seizure claim against Jeff Miller ("Miller"), Stephen Matthew McQuaid ("McQuaid"), Jim Wall ("Wall"), and Jonathan Cvengros ("Cvengros"). (Docket #10).

  Plaintiff then filed a motion for leave to amend his complaint to add "indirect municipal liability" claims against Outagamie County, the City of Appleton, and the City of Appleton Community Resource Unit. (Docket #30, #30-1). Defendants Wall and Cvengros opposed Plaintiff's motion to amend his complaint, (Docket #36), and the remaining defendants, McQuaid and Miller, subsequently moved to join that opposition, (Docket #37).[1] Plaintiff did not file a reply.

---

[1] McQuaid and Miller's motion to join their co-Defendants' opposition brief will be granted.

The Court's trial scheduling order required that the Plaintiff file his amended pleading, if any, by July 12, 2018. (Docket #27). Plaintiff's motion to file an amended complaint is dated July 1, 2018, but it was not received by the Court until July 13, 2018. Even assuming Plaintiff's proposed amended complaint was timely filed, it is subject to screening by this Court pursuant to 28 U.S.C. § 1915A(a). The Court will conduct that screening, and for the reasons explained below, Plaintiff will not be permitted to amend his complaint. His motion for leave to amend will be denied.[2]

Plaintiff's amended complaint is premised on the same operative facts as is his original complaint; in fact, the pleadings are nearly identical. Plaintiff alleges that in April 2016 he was arrested by Defendants, all members of the Appleton police department, as part of a prostitution sting. (Docket #30-1 at 4–8). Plaintiff alleges that the officers did not have reasonable suspicion to detain him or probable cause to arrest him. *Id.* He was charged with human trafficking in Outagamie County Circuit Court, but the charges were later dismissed. *Id.*

The only material difference between Plaintiff's original and amended complaints is that he seeks to add Outagamie County (the "County"), the City of Appleton (the "City"), and the City of Appleton Community Resource Unit ("CRU") as defendants based on the following allegation:

> The City of Appleton, City of Appleton (C.R.U.) Community Resource Unit, and Outagamie County have all been named as defendants in this amended pleading on the grounds of "indirect municipal liability" of the inadequacy of police training in the light of duties assigned to specific officers on

---

[2] All of the standards applicable to screening announced in the Court's original screening order apply here. (Docket #10 at 1–3).

> April 20th, 2016 creating deliberate indifference towards the plaintiff, "a policy or custom" that caused the constitutional violation and that the municipality was deliberately indifferent to the risk that a violation would happen.

(Docket #30-1 at 1).

It is well-settled that a claim against a local government, or an entity thereof, may not be premised upon a theory of *respondeat superior*, or, in Plaintiff's parlance, a theory of "indirect municipal liability." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Despite his invocation of this phrase, it appears Plaintiff is attempting in allege a claim under *Monell* for direct municipal liability. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

*Monell* provides an avenue for relief against a municipal governmental entity for constitutional violations that are caused directly by its policy or custom. *Id.* at 694. To maintain a Section 1983 claim against a municipal entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

Plaintiff has not alleged that the County, the City, or the CRU has an express policy that compels the arrest of suspects without probable cause; indeed, he does not allege that the individual officer Defendants acted in accordance with, or contravention of, any policy at all. He also has not alleged that the County, City, or CRU has a widespread practice of making unreasonable seizures; he only makes allegations about his individual experience. He also does not allege that any person with final policymaking authority actually caused his injury.

Plaintiff does refer in passing to inadequate police training, but he does nothing to connect this term to any allegations relating to his experience. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But a municipality's culpability for a deprivation of rights "is at its most tenuous where a claim turns on a failure to train." *Id.* To state such a claim, the plaintiff must plausibly allege that the municipality's failure to train its employees in a relevant respect amounted to deliberate indifference to the rights of persons with whom the untrained employees come into contact. *Id.* Plaintiff's insertion of the words "inadequacy of police training" in the preamble to his complaint comes nowhere close to sufficiently stating a failure-to-train *Monell* claim.

For these reasons, Plaintiff's motion to amend his complaint will be denied. Plaintiff's original complaint, (Docket #1), remains the operative pleading in this case.

Accordingly,

**IT IS ORDERED** that Defendants Stephen Matthew McQuaid and Jeff Miller's motion to join their co-Defendants' opposition brief (Docket #37) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #30) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 14th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge